## Miller v. Miller

*Reilly & Fogwell,* for plaintiff.

GAWTHROP, P. J., December 30, 1968.—Plaintiff filed her complaint in equity alleging that her husband, defendant, has separated himself from the marital home without reasonable cause, that he has since re-

sided at places unknown to plaintiff, and has refused and neglected to provide suitable maintenance for her and her two children, though of sufficient ability to do so. Under the Act of May 23, 1907, P. L. 227, as amended, 48 PS §131-2, she seeks to restrain him from encumbering or conveying any real estate he may possess in Chester County, to have this court make its findings as to the amount to which she is entitled for past and future support, enter an order for support, and decree seizure and sale of said real estate to enforce the support order. . . .

This action is pursuant to the authority conferred upon the court by the Act of May 23, 1907, P. L. 227, as amended, 48 PS §131, which provides, inter alia:

"If any man shall separate himself from his wife or children without reasonable cause, and, being of sufficient ability, shall neglect or refuse to provide suitable maintenance for his said wife or children, action may be brought, at law or in equity, against such husband for maintenance of said wife or children, in the court of common pleas of the county where service may be had on the husband as in other actions at law or in equity or in the county where the desertion occurred, or where the wife or children are domiciled, and the said court shall have power to entertain a bill in equity in such action, and shall make and enforce such orders and decrees as the equities of the case demand. . . ." It is clear that defendant has without reasonable cause separated himself from his wife and children, has not supported them since July, 1959, and was and is of sufficient ability so to support them. This being the case, the court may direct a seizure and sale, or mortgage, of sufficient portions of the husband's estate, real and personal, to provide the necessary funds for such maintenance: Act of May 23, 1907, supra, sec. 2, 48 PS §132; Reid v. Reid, 28 D. & C. 2d 26.

It is also patently clear that the defendant's undivided interest in property held as tenant by the entireties with his wife is not immune from any such directive by this court: Act of May 24, 1923, P. L. 446, sec. 1; 48 PS §137; Reid, supra.

Finally, once the husband's entirety interest is sold, "The wife shall be entitled out of the proceeds of such sale to such sum of money as represents her share in such property, based on the proportionate part of the original purchase money furnished by her for the purchase of such property." Act of May 24, 1923, supra, sec. 2, 48 PS §138; Reid, supra.

## CONCLUSION OF LAW

1. This court has jurisdiction in equity.

2. Plaintiff is entitled under the provisions of the Act of May 23, 1907, P. L. 227, as amended, to a judgment against defendant in the sum of $10,175, representing unpaid support for Betty Jo Miller from July 1, 1959, to July 1, 1960, in the amount of $50 per month, for Richard William Miller from July 1, 1959, to July 1, 1963, in the amount of $75 per month, and for plaintiff from July 1, 1959, to the present in the amount of $125 per month.

3. Plaintiff is entitled to future support at the rate of $125 per month.

4. A decree should be entered subjecting defendant's undivided interest in the hereinafter described real estate to a lien for the amounts so chargeable to defendant.

5. Plaintiff is entitled to reimbursement out of the proceeds of the sale of such real estate for the moneys she has expended for and on account of payments of principal and interest of the mortgage on said property, payment of taxes, and payments of fire insurance, a total sum of $7,363.12.

6. Payment of the aforesaid lien should be enforced by sale of the said real estate by a trustee to be ap-

pointed by the court, and the said trustee, after paying administration expenses and such commissions as he is permitted by further decree of court, should pay over to plaintiff the aggregate amount of support due from July, 1959, to the date of sale, computed on the above set forth basis plus $7,363.12, which she has previously expended on the entireties property, and if any balance remains in his hands, he is to hold the same and pay it over to the wife in monthly installments of $125 until the fund is exhausted or until further order of this court.

## DECREE NISI

The following decree nisi shall be entered by the prothonotary upon praecipe as the final decree unless exceptions shall be filed under the provisions of Pa. R. C. P. 1518 within 20 days after notice of filing of this adjudication.

And now, December 30, 1968, upon consideration of the above matter it is ordered, adjudged and decreed as follows:

1. The undivided interest of defendant in real estate described in this decree nisi is subject to a lien for plaintiff's past and future outlays for support of herself and the children of the parties in the sum of $10,175 plus $125 per month from January 1, 1969, and thereafter until further order of this court.

2. The trustee herein appointed shall seize and take possession of the following premises: . . .

3. The trustee herein appointed shall expose said real estate for public sale, after public sale notice, such as is required for sheriff's sales of real estate, and sell and convey the same to the highest bidder, or, in the alternative, he may sell and convey the same at private sale for a price and upon terms and conditions subject to approval by the court upon petition filed by the trustee. After deducting the necessary and proper expenses and fees attendant to the sale, and the costs of

this action, including his reasonable fee as trustee, trustee shall pay to plaintiff $10,175 plus a sum equivalent to $125 per month times the number of months from January 2, 1969, to the date of distribution of the net funds realized on the sale, plus an additional $7,363.12.

The trustee is further directed that if any additional sum remains in his hands after paying the same, he is to hold the same and pay them to plaintiff in monthly installments of $125, until the fund realized from the sale be exhausted by the payments by the trustee as aforesaid, or until further order of this court.

The sale and conveyance of such real estate, under the provisions of this order, shall convey to the purchaser or purchasers thereof, a good and valid title to the property hereinabove described without the joinder of either plaintiff or defendant, subject to all restrictions of record.

4. Milton Apfelbaum, Esq., is hereby appointed trustee for the purpose of carrying out the directions of this decree; he is to furnish bond in the sum of $25,000 with surety to be approved by the court, for the faithful performance of his duties hereby imposed. Said trustee shall account to this court.

5. Costs shall be paid by defendant from the proceeds of sale of said real estate.